FILED
2024 May-28  AM 10:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **COURTNI BUTLER and KRISTY RENEMAN,** Individually and on behalf of all others similarly situated, §§§§§ | **Civil Action No. _____** |
| *Plaintiffs,* § | **JURY TRIAL DEMANDED** |
| **v.** §§ | |
| **EVERNEST HOLDINGS, LLC d/b/a EVERNEST, LLC.** §§§ | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| *Defendant.* §§ | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs—Courtni Butler and Kristy Reneman—bring this action individually and on behalf of all other female employees (collectively "Plaintiffs and the Putative Collective Members") who worked for Evernest Holdings, LLC d/b/a Evernest, LLC ("Evernest"), at any time from May 24, 2021, through the final disposition of this matter to recover all available relief, including unpaid compensation, unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the Equal Pay Act of 1963 ("EPA"), Sections 206(d) and 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

Plaintiffs' EPA and FLSA claims are asserted as separate collective actions under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1.      This is an action to recover wages, liquidated damages, and other applicable penalties brought pursuant to the EPA and FLSA, 29 U.S.C. §§ 201–19.

---

A.    **EPA Collective Action**

2.    Plaintiffs and the Putative EPA Collective Members are those similarly situated females who worked for Defendant, at any time from May 24, 2021, through the final disposition of this matter, who were not paid wages equal to their male counterparts in violation of the EPA.

3.    Although Plaintiffs and the Putative EPA Collective Members are of equal skill, ability, and responsibility, and perform under similar working conditions, they were paid wages significantly less than their male counterparts.

4.    The decision by Defendant not to pay female employees a wage equal to their male employee counterparts was neither reasonable nor in good faith.

5.    Defendant knowingly and deliberately failed to pay Plaintiffs and the Putative EPA Collective Members a wage equal to their male counterparts' wages.

6.    Plaintiffs and the Putative EPA Collective Members seek to recover all unpaid wages, liquidated damages, and other damages owed under the EPA as a collective action pursuant to 29 U.S.C. § 216(b).

7.    Plaintiffs pray that all similarly situated workers (Putative EPA Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

B.    **FLSA Collective Action**

8.    Plaintiff and the Putative FLSA Collective Members are those similarly situated persons who worked for Defendant at any time from May 24, 2021, through the final disposition of this matter, who were improperly classified as exempt from overtime and were not paid overtime compensation for all hours worked over forty (40) in each workweek in violation of the FLSA.

9.    Although Plaintiff and the Putative FLSA Collective Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative FLSA

Collective Members were not paid overtime of at least one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

10.     The decision by Defendant not to pay overtime compensation to Plaintiff and the Putative FLSA Collective Members was neither reasonable nor in good faith.

11.     Defendant knowingly and deliberately failed to compensate Plaintiff and the Putative FLSA Collective Members overtime of at least one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

12.     Instead, Defendant paid Plaintiff and the Putative FLSA Collective Members a salary, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

13.     Defendant knowingly and deliberately misclassified Plaintiff and the Putative FLSA Collective Members as exempt employees not entitled to overtime compensation.

14.     Plaintiff and the Putative FLSA Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

15.     Plaintiff prays that all similarly situated workers (Putative FLSA Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

16.     Plaintiff Courtni Butler ("Butler") was employed by Defendant as a property manager during the relevant time period. Plaintiff Butler did not receive a wage equal to her male counterparts'

wages.[1] Plaintiff Butler was improperly classified as an exempt employee and did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek. [2]

17.     Plaintiff Kristy Reneman ("Reneman") was employed by Defendant as a business development manager during the relevant time period. Plaintiff Reneman did not receive a wage equal to her male counterparts.[3] Plaintiff Reneman was improperly classified as an exempt employee and did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek. [4]

18.     The Putative EPA Collective Members are those current and former female employees who worked for Defendant, at any time from May 24, 2021, through the final disposition of this matter, and were subject to the same illegal pay system under which Plaintiffs Butler and Reneman worked and were paid.

19.     The Putative FLSA Collective Members include those current and former salaried Managers who worked for Defendant, anywhere in the United States, at any time since May 24, 2021, and have been subjected to the same illegal pay system under which Plaintiffs Butler and Reneman worked and were paid.

20.     Defendant Evernest Holdings, LLC d/b/a Evernest, LLC, is a Delaware company, licensed to and doing business in the State of Alabama, and may be served through its registered agent for service of process: **CT Corporation System, 2 North Jackson Street, Montgomery, Alabama 36104**.

---

[1] The written EPA consent of Courtni Butler is attached hereto as Exhibit "A."
[2] The written FLSA consent of Courtni Butler is attached hereto as Exhibit "B."
[3] The written EPA consent of Kristy Reneman is attached hereto as Exhibit "C."
[4] The written FLSA consent of Kristy Reneman is attached hereto as Exhibit "D."

## III.
## JURISDICTION & VENUE

21.     This Court has federal question jurisdiction over the EPA and FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

22.     Plaintiffs have not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

23.     This Court has general personal jurisdiction over Defendant Evernest Holdings, LLC d/b/a Evernest, LLC because Alabama is their home state and because the cause of action arose within this District as a direct result of Defendant's conduct within this District and Division.

24.     Venue is proper pursuant to 28 U.S.C. § 1391 in the Northern District of Alabama because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred and because Defendant's headquarters are located in Birmingham, Alabama, which is located in this District and Division.

25.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

26.     Defendant Evernest is a property management company that manages "over 14,000 properties in Atlanta, Birmingham, Boulder, Chattanooga, Colorado Springs, Columbus, Denver, Detroit, Fort Collins, Huntsville, Jackson, Kansas City, Little Rock, Memphis, Murfreesboro, Nashville, Orlando, St. Louis, Tampa, Toledo, and Tulsa."[5]

27.     To provide its services, Defendant employed (and continues to employ) numerous salaried Managers throughout the United States—Plaintiff and the Putative EPA and FLSA Collective Members—to accommodate its customers throughout the United States.

---

[5] https://www.evernest.co/about-us/

28.    While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices by Defendant for similar work throughout the United States.

**A.    *Plaintiffs' Employment with Defendant***

29.    Plaintiff Butler worked exclusively for Defendant as a Property Manager, in the Little Rock, Arkansas region, from approximately February 25, 2022, through January 3, 2023.

30.    Plaintiff Butler was paid an annual salary of $65,000.00. On or about July 1, 2022, Plaintiff Butler was provided a 3% raise which brought her annual salary to $66,900.00.

31.    Plaintiff Butler was required to have monthly one on one meetings with her direct supervisor, Derrick Fletcher, to discuss performance and relevant work issues. Plaintiff Butler never received a negative review regarding her performance during the monthly meetings.

32.    Plaintiff Butler was suddenly terminated on January 3, 2023.

33.    Plaintiff Butler has knowledge that female Managers are paid $10,000 to $20,000 lower salaries than similarly situated male Managers.

34.    Plaintiff Reneman worked exclusively for Defendant as a Business Development Manager in the Atlanta, Georgia region from approximately September 19, 2022 through March 6, 2023.

35.    Plaintiff Reneman was paid an annual salary of $70,000.00, plus commission.

36.    Plaintiff Reneman was required to have monthly one-on-one meetings with her team lead, Trey Schafer, to discuss performance and relevant work issues. Plaintiff Reneman never received a negative performance review during any of the monthly meetings.

37.    Plaintiff Reneman was suddenly terminated from her position on March 6, 2023.

38.    When she was terminated, Plaintiff Reneman was paid an annual salary of $70,000.00.

39.    Plaintiff Reneman has not been paid approximately $4,000 in unpaid commissions during her employment with Defendant.

40.     Plaintiff Reneman has knowledge that female Managers are paid lower annual salaries than similarly situated male Managers.

41.     Plaintiff Reneman has knowledge, upon information and belief, of similarly situated male Managers being paid an annual salary of approximately $90,000.00 and female Managers being paid an annual salary starting at approximately $50,000.00.

**B.      Violation of the FLSA**

42.     Defendant misclassified Plaintiffs and the Putative FLSA Collective Members as exempt from receiving overtime compensation under the FLSA.

43.     However, Plaintiffs and the Putative FLSA Collective Members did not perform work that would qualify them as exempt from overtime under any FLSA overtime exemptions and none of the FLSA or state-law exemptions relieving a covered employer (such as Defendant) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiffs or the Putative FLSA Collective Members.

44.     Moreover, Plaintiffs and the Putative FLSA Collective Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Defendant resulting in the complained of FLSA violations.

45.     Plaintiff and the Putative FLSA Collective Members were all paid a salary but no overtime.

46.     Plaintiff and the Putative FLSA Collective Members conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans devised by Defendant.

47.     Specifically, Plaintiffs and the Putative FLSA Collective Members' primary job duties included generally involve procuring customers for Defendant and providing services to Defendant's customers.

48. Plaintiffs and the Putative FLSA Collective Members all perform the same primary duties nationwide. They are uniformly trained by Defendant and all abide by the same policies and procedures regardless of their specific job title or location.

49. Plaintiffs and the Putative FLSA Collective Members complete their work within designed parameters and in accordance with pre-determined plans created by Defendant. Plaintiff and the Putative FLSA Collective Members are not permitted to deviate from these parameters or plans and do not exercise discretion and independent judgment with respect to matters of significance.

50. Specifically, Plaintiffs and the Putative FLSA Collective Members must follow and apply Defendant's well-established procedures for procuring Defendant's clients, servicing Defendant's clients, communicating and coordinating with Defendant's clients, and overseeing Defendant's client's property portfolio.

51. Plaintiffs and the Putative FLSA Collective Members do not perform work that is directly related to the management of general business operations of Defendant. Instead, Plaintiffs and the Putative FLSA Collective Members perform work directly related to the production side of Defendant's business, that is they provide services to Defendant's customers.

52. Plaintiffs and the Putative FLSA Collective Members' duties do not include managerial responsibilities or the exercise of independent discretion or judgment.

53. Plaintiffs and the Putative FLSA Collective Members do not have the authority to hire or fire other employees, and they are not responsible for making hiring or firing recommendations.

54. Plaintiffs and the Putative FLSA Collective Members are not responsible for setting schedules or rates of pay.

55. Plaintiffs and the Putative FLSA Collective Members cannot deviate from Defendant's requirements or instructions without permission.

56.     Plaintiffs and the Putative FLSA Collective Members are not outside sales employees. Plaintiffs and the Putative FLSA Collective Members' primary duty is not making sales (as defined in the FLSA), or obtaining orders or contracts for services for which a consideration will be paid by the client or customer. Nor are Plaintiffs and the Putative FLSA Collective Members customarily and regularly engaged away from the employer's place or places of business.

57.     The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

58.     Plaintiffs and the Putative FLSA Collective Members regularly worked (and continue to work) in excess of forty (40) hours per week but never received any overtime compensation.

59.     Defendant denied Plaintiffs and the Putative FLSA Collective Members overtime pay as a result of a widely applicable, illegal pay practice.

60.     Plaintiffs and the Putative FLSA Collective Members are non-exempt employees under the FLSA.

61.     Although it is well-known that production-side workers like Plaintiffs and the Putative FLSA Collective Members are not exempt from overtime, Defendant did not pay Plaintiffs and the Putative FLSA Collective Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

62.     Because Defendant did not pay Plaintiffs and the Putative FLSA Collective Members time and a half for all hours worked in excess of forty (40) in a workweek, Defendant's pay policies and practices violate the FLSA.

63.     Defendant knew or should have known that it was not compensating Plaintiffs and the Putative FLSA Collective Members for the proper amount of overtime compensation in violation of the FLSA.

64.     Defendant knew or should have known that its failure to pay overtime to Plaintiffs and the Putative FLSA Collective Members would cause, and did cause financial injury to the Plaintiffs and the Putative FLSA Collective Members.

65.     Because Defendant failed to compensate to Plaintiffs and the Putative FLSA Collective Members time and a half for all hours worked in excess of forty (40) hours in a workweek, Defendant's pay policies and practices willfully violate the FLSA.

66.     Defendant knowingly and deliberately misclassified Plaintiffs and the Putative FLSA Collective Members as exempt employees not entitled to overtime compensation.

67.     Plaintiffs and the Putative FLSA Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

68.     Plaintiffs pray that all similarly situated workers (Putative FLSA Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

**C.    *Violation of Equal Pay Act***

69.     Plaintiffs further bring this action under the Equal Pay Act 29 U.S.C. §§ 201–19, *et seq* ("EPA").

70.      Defendant has discriminated against Plaintiffs and the Putative EPA Collective Members in violation of the EPA. Defendant paid Plaintiffs and the Putative EPA Collective Members less than similarity-situated male co-workers performing substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. Defendant discriminated against the Plaintiffs and the Putative EPA Collective Members by subjecting them to discriminatory pay, discriminatory denial of promotions, and other forms of discrimination in violation of the EPA.

71.     The differential in pay between male salaried Managers and Plaintiffs and the Putative EPA Collective Members was not due to seniority, merit, quantity, or quality of production, but was due to gender. Defendant did not act in good faith, and caused, attempted to cause, contributed to, or caused the continuation of, the wage rate discrimination based on sex in violation of the EPA.

72.     Defendant knew or should have known its pay practices were in violation of the EPA.

73.     Defendant was aware or should have been aware that federal law required (and still requires) it to pay its female employees at a rate commensurate to that of male employees performing substantially similar work.

74.     The decision and practice by Defendant to not pay Plaintiffs and the Putative EPA Collective Members equal wages as compared to their male co-workers who performed substantially equal work on jobs the performance of which required equal skill, effort, and responsibility, and which are performed under similar working conditions was neither reasonable nor in good faith.

75.     The forgoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a). Because Defendant has willfully violated the EPA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255(a).

76.     Defendant has caused, contributed to, and perpetrated gender-based pay disparities through its common policies, practices, and procedures, including but not limited to common compensation and performance management policies, and centralized decision-making with respect to pay.

77.     Plaintiffs were exemplary employees for Defendant who were consistently and willfully paid less than male co-workers in the same establishment for work requiring equal skill, effort, and responsibility and performed under similar working conditions.

78.     This unequal pay is not justified by seniority, a merit system, a system that measures earnings by quantity or quality of production, or any other factor other than sex.

79.     Defendant has no basis, other than gender, to pay Plaintiffs less than their male colleagues.

80.     Defendant's actions constitute deliberate and willful violations of the EPA.

81.     As a direct result of Defendant's discriminatory policies and/or practices as described above, Plaintiffs and the Putative EPA Collective Members suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

82.     Accordingly, Plaintiffs are entitled to be paid lost wages pursuant to the EPA, plus liquidated damages, attorneys' fees and costs.

83.     Plaintiffs pray that all similarly situated workers (Putative EPA Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

**V.**
**CAUSE OF ACTION**

**COUNT ONE**
**(Collective Action Alleging FLSA Violations)**

**A.    FLSA COVERAGE**

84.     The preceding paragraphs are fully incorporated herein.

85.     FLSA Collective is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR EVERNEST HOLDINGS, LLC D/B/A EVERNEST, LLC, AS A SALARIED MANAGER AT ANY TIME FROM MAY 24, 2021, THROUGH THE FINAL DISPOSITION OF THIS MATTER THAT WERE PAID A SALARY AND NO OVERTIME ("FLSA Collective" or "FLSA Collective Members").**

86.     At all times hereinafter mentioned, Defendant has been an employer or joint employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

87.     At all times hereinafter mentions, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

88.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

89.     During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Defendant, these individuals have provided services for Defendant that involved interstate commerce for purposes of the FLSA.

90.     At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 07.

91.     At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members have been individual employees "engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 207(a)(1) and as required by 29 U.S.C. §§ 207. *See McCann v. W.C. Pitts Const. Co.*, No. 3:10-CV-52-DPJ-FKB, 2012 WL 3756608 (S.D. Miss. Aug. 28, 2012); *Martin v. Bedell*, 955 F.2d 1029 (5th Cir. 1992)

92.     Plaintiffs' job duties constitute support functions for instrumentalities of interstate commerce. Indeed, Plaintiffs serviced and oversaw Defendant's client's property portfolios across the United States.

93.     Additionally, Plaintiffs' job duties primarily included using or handling goods, materials, and supplies that were manufactured beyond the state's borders and/or transported interstate.

94.     In performing the job duties hereinabove described, Plaintiffs and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

95.     In violating the FLSA, Defendant acted willfully and without a good faith basis and with reckless disregard of applicable federal law.

96.     The proposed class of similarly situated employees, i.e. putative collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 85.

97.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

**B.      FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

98.     Defendant violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

99.     Plaintiffs and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendant's acts or omissions as described herein; though Defendant is

in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

100.    Moreover, Defendant knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each workweek. 29 U.S.C. § 255(a).

101.    Defendant knew or should have known its pay practices were in violation of the FLSA.

102.    Defendant is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

103.    Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendant to pay overtime in accordance with the law.

104.    The decision and practice by Defendant to not pay overtime was neither reasonable nor in good faith.

105.    Accordingly, Plaintiffs and the FLSA Collective Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages in an amount equal to her overtime wages, attorneys' fees and costs.

## C.    COLLECTIVE ACTION ALLEGATIONS

106.    All previous paragraphs are incorporated as though fully set forth herein.

107.    Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendant's employees who have been similarly situated to Plaintiffs with regard to the work they performed and the manner in which they have not been paid.

108.    Other similarly situated employees of Defendant have been victimized by Defendant's patterns, practices, and policies, which are in willful violation of the FLSA.

109.    The FLSA Collective Members are defined in Paragraph 85.

110.    Defendant's failure to pay Plaintiffs and the FLSA Collective Members overtime compensation at the rates required by the FLSA results from generally applicable policies and practices of Defendant and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

111.    Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

112.    The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

113.    All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

114.    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

115.    Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of their rampant violations.

116.    Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

117.    Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 85 and notice should be promptly sent.

## COUNT TWO
### (Collective Action Alleging Violations of Equal Pay Act)

A.    VIOLATIONS OF EQUAL PAY ACT

118. All previous paragraphs are incorporated as though fully set forth herein.

119. EPA Collective is defined as:

**ALL CURRENT AND FORMER FEMALE EMPLOYEES WHO WORKED FOR EVERNEST HOLDINGS, LLC D/B/A EVERNEST, LLC, AS A SALARIED MANAGER, AT ANY TIME FROM MAY 24, 2021, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("EPA Collective" or "EPA Collective Members").**

120. At all times relevant to this action, Defendant was an "employer" within the meaning of the FLSA, as amended by the EPA.

121. At all times relevant to this action, Defendant acted as Plaintiffs' employer.

122. Defendant has discriminated against the EPA Collective Action Representatives and members of the EPA Collective by paying them less than similarly situated male employees who performed jobs which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

123. Defendant has engaged in systemic gender discrimination against its female employees by paying them less than similarly situated male employees who performed jobs which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

124. Defendant has caused, contributed to, and perpetuated gender-based pay disparities through common policies, practices, and procedures, including but not limited to common compensation and centralized decision-making.

125. Defendant so discriminated against Plaintiffs and the EPA Collective Representatives by subjecting them to common discriminatory pay and performance management policies, including discriminatory salaries, other compensation incentives, discriminatory assignments, and other opportunities that would result in unequal compensation, and other forms of discrimination in violation of the EPA.

126.     Plaintiffs seek to represent all female employees, as described above, who were paid less than male employees for doing similar work. The systemic gender discrimination described in this Complaint has been, and is, continuing in nature.

127.     In violating the EPA, Defendant acted willfully and without a good faith basis and with reckless disregard of applicable federal law.

128.     The proposed class of similarly situated employees, i.e. putative collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 119.

129.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

**B.     COLLECTIVE ACTION ALLEGATIONS**

130.     All previous paragraphs are incorporated as though fully set forth herein.

131.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendant's employees who have been similarly situated to Plaintiffs with regard to the work they performed and are subject to Defendant's common compensation policies, practices, and procedures and centralized decision-making resulting in unequal pay based on sex by failing to compensate female employees at a level commensurate with male employees who perform substantially equal work and/or hold equivalent levels, job titles, and positions.

132.     Other similarly situated employees of Defendant have been victimized by Defendant's patterns, practices, and policies, which are in willful violation of the EPA.

133.     The EPA Collective Members are defined in Paragraph 119.

134.     Defendant's failure to compensate Plaintiffs and the EPA Collective Members at a level commensurate with male employees who perform substantially equal work and/or hold equivalent levels, job titles, and position results from generally applicable policies and practices of

Defendant and does not depend on the personal circumstances of Plaintiffs or the EPA Collective Members.

135.    Thus, Plaintiffs' experiences are typical of the experiences of the EPA Collective Members.

136.    The specific job titles or precise job requirements of the various EPA Collective Members do not prevent collective treatment.

137.    All of the EPA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be compensated at a level commensurate with male employees who perform substantially equal work and/or hold equivalent levels, job titles, and positions.

138.    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

139.    Absent a collective action, many members of the proposed EPA collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of their rampant violations.

140.    Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

141.    Accordingly, the EPA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 119 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

142.    Plaintiffs respectfully pray for judgment against Defendant as follows:

a.    For an Order certifying the FLSA Collective as defined in Paragraph 85 and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective members;

b.      For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.      For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

d.      For an Order certifying the EPA Collective as defined in Paragraph 119 and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective members;

e.      For an Order approving the form and content of a notice to be sent to all putative EPA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

f.      For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for back pay due to Plaintiffs (and those EPA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those EPA Collective Members who have joined in the suit);

g.      For an Order awarding the costs and expenses of this action;

h.      For an Order awarding attorneys' fees;

i.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

j.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:   May 24, 2024                         Respectfully submitted,

                                             /s/ David A. Hughes
                                             **David A. Hughes** (ASB-3923-U82D)
                                             2121 14th Street
                                             Tuscaloosa, Alabama 35401
                                             Telephone: (205) 523-0463
                                             E-mail: dhughes@hardinhughes.com

                                             *Local Counsel for Plaintiffs and the Putative Collective Members*


                                             ANDERSON ALEXANDER, PLLC

                    By:    /s/ Clif Alexander
                                             **Clif Alexander\***
                                             Texas Bar No. 24064805
                                             clif@a2xlaw.com
                                             **Austin W. Anderson\***
                                             Texas Bar No. 24045189
                                             austin@a2xlaw.com
                                             **Lauren Braddy\***
                                             Texas Bar No. 24071993
                                             lauren@a2xlaw.com
                                             101 N. Shoreline Blvd., Ste. 610
                                             Corpus Christi, Texas 78401
                                             Telephone: (361) 452-1279
                                             Facsimile: (361) 452-1284

                                             *Application Pro Hac Vice Anticipated

                                             *Counsel for Plaintiffs and the Putative Collective Members*